IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, §§§ | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | |
| BNM ENTERPRISES GROUP, INC. d/b/a MAYFOOD PRODUCE WHOLESALE, §§§§ | |
| Defendant. § | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT
OF THE
<u>UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

<u>NATURE OF THE ACTION</u>

1.      This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to afford appropriate relief to Xiomara E. Lopez, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8-12 below, Defendant discriminated against Mrs. Lopez because of her pregnancy.

<u>JURISDICTION AND VENUE</u>

2.      Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States District Court has jurisdiction over the subject matter of this civil action. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, <u>et</u> <u>seq.</u> ("Title VII"), and Section 102 of the Civil Rights Act of 1991,

1

42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant BNM Enterprises Group, Inc. d/b/a Mayfood Produce Wholesale ("Mayfood"), has continuously been doing business in the State of Texas, the City of Houston and Harris County, Texas, and has had at least fifteen (15) employees during the relevant time period. Defendant Mayfood, may be served with process by serving its registered agent, Benny Chan, 1808 Bastrop Street, Houston, Texas 77003.

6. At all relevant times, Defendant BNM/Mayfood has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Xiomara E. Lopez filed a charge of discrimination with the Commission alleging a violation of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge, and an attempt to conciliate the matter.

8. Since at least 2005, Defendants have engaged in unlawful employment practices at their Houston, Texas, facility, in violation of Sections 703(a)(1) and 701(k) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e(k).

9. Defendant Mayfood hired Mrs. Lopez in January 2005 to clean their office and kitchen and to work in their warehouse.

10. Around September 6, 2005, Mrs. Lopez asked Mayfood manager Liem Tran if a company official could complete a Wage Verification form for her because she was pregnant and would be seeking medical assistance during her pregnancy from the Harris County Hospital District.

11. Mrs. Lopez received the completed Wage Verification form from Mayfood and was granted leave on September 7, 2005, to visit the doctor and to deliver the form.

12. When Mrs. Lopez reported to work on September 8, 2005, she was informed that she had been laid off. Mrs. Lopez was told to return on September 9, 2005 to receive her final paycheck.

13. The effect of these unlawful practices has been to deprive Mrs. Lopez of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her pregnancy.

14. The unlawful employment practices complained of above were intentional.

15. Defendant, at all relevant times, committed the unlawful employment practices with malice or in reckless disregard of the federally protected rights of Mrs. Lopez.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Mayfood, its officers, successors, assigns and all persons in active concert or participation with it from engaging in discrimination

against pregnant females, and from engaging in any other employment practice which discriminates against individuals on the basis of pregnancy and/or sex.

  B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

  C. Grant a judgment requiring Defendant to make whole Xiomara E. Lopez by providing appropriate back wages and pre-judgment interest, in an amount to be determined at trial, as well as any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, reinstatement of Mrs. Lopez, or order an award of front pay in an amount to be proved at trial if reinstatement is impractical.

  D. Order Defendant to make whole Xiomara E. Lopez by providing compensation for past and future pecuniary loses, including medical expenses, the value of lost insurance benefits, and job search expenses, in an amount to be determined at trial.

  E. Order Defendant to make whole Xiomara E. Lopez by providing compensation for non-pecuniary losses, including emotional pain and suffering, in amounts to be determined at trial.

  F. Order Defendant to pay Xiomara E. Lopez punitive damages for their malicious and/or reckless conduct, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C.  20507


 /s/ Timothy M. Bowne
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern Dist. of Texas No. 20023
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]


OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002